[No. 19247. *En Banc.* November 18, 1925.]

## In the Matter of the Arbitration of the Partnership Affairs of O'Rourke Brothers.

## George O'Rourke, *Appellant,* v. W. R. O'Rourke, *Respondent.*[1]

Arbitration and Award (13)—Award—Objections and Exceptions. A stipulation, after an award of arbitrators and exceptions thereto, between the parties that the matter shall be settled in accordance with the "findings" of the board of arbitration, was an agreement that the facts found should stand unquestioned; but did not preclude exceptions thereto for error of law, where there was no evidence of ambiguity or of what was intended; in view of Rem. Comp. Stat., §§ 422 and 425, giving the award the effect of the verdict of a jury, and providing for a review thereof for error in fact or law.

Appeal from a judgment of the superior court, for Walla Walla county, Mills, J., entered July 22, 1924, upon arbitrators' findings in favor of defendant, as corrected by the trial court after a hearing on exceptions, in an arbitration of a dispute between copartners. Affirmed.

*J. W. Brooks,* for appellant.

*Sharpstein, Smith & Sharpstein,* for respondent.

Tolman, C. J.—The parties hereto, being copartners, disagreed as to their affairs, and for the purpose of establishing their respective rights entered into a written agreement to settle their differences by arbitration. By this writing, two arbitrators were named and thereafter a third arbitrator or umpire was selected as provided for in the agreement. Hearings were had, evidence was submitted on behalf of each party, and in due course the board of arbitrators made findings and an award. The findings were ten in num-

[1] Reported in 240 Pac. 673.

ber, each dealing with some one specific feature of the controversy, and mingled with the facts found were certain conclusions which the trial court overruled by his limiting order hereinafter referred to. The award provided that W. R. O'Rourke pay to George O'Rourke the sum of $2,272.29 in accordance with findings 3 and 4; that W. R. O'Rourke account to George O'Rourke, either in money or in merchandise at invoice prices for $2,861.83, under finding 5 and likewise for $305 under finding 6; and that the balance of the partnership assets be distributed as specified and determined in findings 7, 8 and 9. Thereafter a supplemental report of the arbitrators was made, purporting to rectify mistakes of omission in the preceding report and the award to George O'Rourke under findings 3 and 4 was reduced to $2,190.29. Exceptions having been taken to the report of the arbitrators, the parties entered into a stipulation which, with the letter therein referred to and made a part of the agreement, reads as follows:

"It is hereby stipulated and agreed by and between the parties to this action that said matter be settled in accordance with the findings of the Board of Arbitration heretofore acting herein, and the letter of J. C. Adams, copy of which is hereto attached, and that the matter be re-referred to the Board of Arbitration to draw up the final result and adjustment of said matter, and that if any member of said Board of Arbitration should refuse to act or serve, then T. M. McKinney, one of the members of said Board, and the other member of said Board may appoint a member in place of the one not serving.

"It is further agreed that the Board of Arbitration shall ascertain by the statement of the parties and additional testimony what, if anything, has been received by one or the other of the parties hereto in property or money subsequent to the original report and supplemental report of the Board of Arbitration and each party shall account and may be charged with

what that party has received, either in money or in merchandise.

"It is further agreed that all uncollected accounts be placed in the hands of T. M. McKinney for collection and that all moneys collected after deducting the expense of collection shall be divided two-fifths to George E. O'Rourke and three-fifths to Wm. O'Rourke.

"J. W. Brooks, Attorney,          "Walla Walla, Wash.
"320 Drumheller Bldg.,              Nov. 13, 1920.
"Walla Walla, Wash.

"Dear Sir:

"Your favor of the 12th inst. re O'Rourke Bros. matter is at hand and the subject matter submitted to Mr W. R. O'Rourke and he makes reply as follows:

"(a) Mr. Geo. E. O'Rourke's title to the two-fifths interest as awarded by the board of arbitrators is accepted.

"(b) His demand for credit of $950.00 for money paid in on Lennon real estate, is rejected.

"(c) His demand for a two-fifths interest in $1500.00 re Lennon's addition sale, is rejected.

"(d) His demand for two-fifths of $4000.00 as representing his interest in the Locust Street real estate, is rejected.

"W. R. O'Rourke will pay to Geo. E. O'Rourke two-fifths of $1800.00 or $720.00 as payment in full for his interest in the Locust Street real estate.

"(e) His demand for credit of $110.00 for moneys 'collected and turned in' will be honored if satisfactory evidence is furnished Mr. W. R. O'Rourke of the truth of this statement.

"Mr. W. R. O'Rourke will transfer by deed to Mr. Geo. O'Rourke two-fifths of the Pasco farm property; also capital stock certificates representing two-fifths of the stock held as investments by the partnership at the time of the dissolution.

"Respectfully submitted,
"J. C. Adams,
"Acting for W. R. O'Rourke."

Just what the arbitrators did under this stipulation, the record fails to disclose, further than to recite that

findings and an award were filed April 16, 1923, to which W. R. O'Rourke excepted. His exceptions were sustained by the trial court and on his motion the matter was re-referred to the board of arbitrators with certain specific instructions, with which instructions the arbitrators thereafter complied and a judgment was entered upon the final award thus made, from which judgment this appeal is prosecuted.

Without going into certain technical matters, but assuming that they could be disposed of so as to preserve all of the rights of the appellant, we come at once to the merits.

If we correctly grasp appellant's contentions as disclosed by the brief and oral argument in his behalf, it is this, and this alone, namely: that the word "findings" in the first paragraph of the stipulation means "findings and award," or "findings and conclusions of law;" and that, therefore, the award as made by the first and supplemental reports of the arbitrators was by the stipulation agreed to as a final settlement between the parties, except as modified by the letter made a part of the stipulation.

Respondent, upon the other hand, urges that the word "findings" was used advisedly to designate findings of facts as distinguished from the conclusions of law; that there was no attempt to make a final settlement; and that the trial court was within its power when it told the arbitrators that the facts found would not in law support the award attempted to be based thereon.

This is a proceeding under the statute (Rem. Comp. Stat., § 420 et seq.), and the award, by virtue of the statute (§ 422) has the effect of the verdict of a jury in a civil action. Section 425 provides:

"If upon exceptions filed it shall appear to the said superior court that the arbitrators have committed

error in fact or law, the court may refer the cause back to said arbitrators, directing the amendment of said award forthwith, returnable to said court, and on the failure so to correct said proceedings, the court shall be possessed of the case and proceed to its determination.''

If there is any ambiguity in the language of the stipulation, there is no evidence tending to show what was intended thereby; and, as we see it, the parties did not by their stipulation make a final settlement of their differences, but simply agreed that the facts as found should stand unquestioned and no more. Thus there was preserved to each the right to except to any award that might be made through error of law, in the manner provided in the section of the statute just quoted; and, if we correctly interpret the record, that is what was done, and the trial court rightly advised the arbitrators as to the law to be applied by the limitations which his order contained.

Finding no error, the judgment is affirmed.

FULLERTON, PARKER, MAIN, MITCHELL, MACKINTOSH, and ASKREN, JJ., concur.